# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JOE WESLEY O'NEAL**                                                                      **PETITIONER**

**V.**                       **CIVIL ACTION NO.: 1:17CV22-SA-RP**

**JACQUELYN BANKS**                                                           **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Joe Wesley O'Neal ("O'Neal"), an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), for a writ of habeas corpus under 28 U.S.C. §2254. Respondent has moved to dismiss the petition as time-barred pursuant to 28 U.S.C. §2244, and O'Neal has responded. For the reasons set forth below, Respondent's motion will be granted and the instant petition dismissed with prejudice.

## Facts and Procedural History

Joe O'Neal pleaded guilty to the aggravated assault of his mother in the Circuit Court of Tishomingo County, Mississippi, and was sentenced to a term of twenty years, with credit for time served and the remainder suspended, along with five years post-release supervision. *See* Doc. #9-1. By Order filed October 25, 2011, O'Neal's suspended sentence was revoked, and he was ordered to serve the remaining nineteen years in the custody of MDOC. *See* Doc. #9-2.

On February 7, 2013, O'Neal signed a "Motion to Vacate and Set Aside Sentence," challenging the revocation of his suspended sentence, which was stamped "filed" in the trial court on April 10, 2013. *See* Doc. #9-3. On April 15, 2013, the trial court denied O'Neal's motion, finding that the claims raised therein lacked merit. *See* Doc. #9-4. Aggrieved by this

decision, O'Neal appealed, but the decision to deny post-conviction relief was affirmed. *See O'Neal v. State*, 156 So. 3d 353 (Miss. Ct. App. 2014), *reh'g denied*, Oct. 28, 2014, *cert. denied*, January 29, 2015; *see also* Docs. #9-5 & 9-6. In June 2015, O'Neal filed an "Application for Leave to Proceed in the Trial Court" with the Mississippi Supreme Court that was dismissed by Order filed July 23, 2015, for lack of jurisdiction. *See* Doc. #9-7 (Cause No. 2015-M-00994). Subsequently, O'Neal sought federal habeas relief. O'Neal signed the instant petition on January 18, 2017, and it was stamped as "filed" in this Court on January 25, 2017. *See* Doc. #1.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

2

> presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

Under Mississippi law, there is no direct appeal from the revocation of a suspended sentence. *See Beasley v. State*, 795 So. 2d 539, 540 (Miss. 2001); *Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980). Therefore, O'Neal's judgment became "final" within the meaning of the statute on October 25, 2011, the date on which the Order revoking his post-release supervision was entered.[1] Accordingly, absent statutory or equitable tolling, O'Neal's federal habeas petition was due on or before October 25, 2012.

O'Neal did not file any motions for post-conviction relief in the State courts before October 25, 2012, and his subsequent State post-conviction motions were, therefore, filed beyond the federal deadline. Accordingly, there is no statutory tolling under §2244(d)(2) to further extend the limitations period. Rather, O'Neal's petition was "filed," at the earliest, on the date it was signed — January 18, 2017. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing).

As his federal habeas petition was filed beyond the AEDPA deadline, federal habeas

---

[1] The exceptions in §2244(d)(1)(B-D) are inapplicable in this case.

relief is available to O'Neal if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). The Supreme Court has held that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citations omitted). The Fifth Circuit has also held that equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted).

O'Neal claims that §2244(d) is inapplicable in this action, as his sentence involves clear constitutional error. *See, e.g.*, Docs. #1 at 13 & #2. Specifically, he claims that the trial court was without jurisdiction to revoke his sentence and his sentence is, therefore, illegal. *See, e.g.*, Doc. #2 at 29. However, the fact that the consequences may be harsh does not render a limitations period inapplicable, as the Supreme Court has noted:

> It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable.

*United States v. Kubrick*, 444 U.S. 111, 125 (1979). O'Neal's belief that he has a meritorious constitutional claim is not grounds for tolling the federal limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (finding neither importance nor merit of a constitutional claim provides basis for equitable tolling of a limitations period); *Miner v. Dretke*, No.

3:03-cv-1855, 2004 WL 578927, at *2 (N.D. Tex. Mar. 18, 2004) ("Nor is the limitations period tolled merely because petitioner believes he has valid constitutional claims and is entitled to habeas relief."). Additionally, there is no "illegal sentence" exception to the federal limitations period. *See, e.g., Felix v. Epps*, No. 5:11CV180-DPJ-FKB, 2012 WL 2357456, at *2 (S.D. Miss. April 25, 2012) (holding petitioner's claims, including that of an illegal sentence, fail to set forth any basis to equitably toll the federal limitations period); *Myers v. Quarterman*, No. 3:06CV1947-D, 2007 WL 1215091, at *2 (N.D. Tex April 25, 2007) (holding claim of illegal sentence does not present a "rare and exceptional" circumstance to toll the limitations period). Therefore, O'Neal is not entitled to equitable tolling on the basis that he has received an illegal sentence.

Additionally, to the extent that O'Neal argues that §2244(d) renders the habeas remedy ineffective, the Court finds his argument without merit. The Suspension Clause of the United States Constitution dictates "[t]he privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it." U.S. Const. art. 1, § 9, cl. 2. However, the Suspension Clause is not violated by application of the AEDPA unless "it renders the habeas remedy inadequate or ineffective to test the legality of detention." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). Application of the limitations provision will violate the Suspension Clause only when a petitioner was "prevented ... from filing a petition before the limitations period expired." *Id*. O'Neal was not prevented from filing a timely petition. Therefore, this argument is without merit. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 664 (1996) (finding AEDPA filing requirements do not violate Suspension Clause).

5

Accordingly, the Court finds that equitable tolling is not warranted in this case. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir.2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.") (citation omitted); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding equitable tolling is not required simply because a petitioner is unfamiliar with the law, is unrepresented, or is illiterate).[2] The instant petition is untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing §2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon entry of a final order adverse to the petitioner. A petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. §2253(c)(1). A COA will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." §2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court finds that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondent's "Motion to Dismiss Pursuant to §2244(d)" [9] and **DISMISSES** with prejudice the petition filed in this cause. A COA is **DENIED**, as O'Neal has failed to show his petition timely and to make "a substantial

---

[2] A valid claim of "actual innocence" can overcome application of the federal limitations period. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). The exception is not implicated in this case.

6

showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).  A separate judgment in accordance with this opinion and order will enter today.

      **SO ORDERED** this the 25th day of April, 2017.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**